# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2015

Lyle W. Cayce
Clerk

No. 14-20676

ENSCO OFFSHORE COMPANY, as Owner of the modu ENSCO 74 for Exoneration from or Limitation of Liability,

Plaintiff-Appellee

v.

M/V SATILLA,

Defendant

KRISTEN GEHARD JEBSEN SKIPSREDERI AS; SKS OBO & TANKERS AS,

Claimants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2838

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

This case arises from the tanker vessel M/T SKS SATILLA ("SATILLA"), alliding with the unmarked and submerged wreck of the ENSCO 74, a jack-up drilling rig that was lost during Hurricane Ike. In the aftermath of the hurricane, ENSCO 74's owner and operator, Plaintiff Ensco Offshore Co.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20676

("Ensco"), discovered that the rig was no longer moored in the Gulf of Mexico. Ensco timely searched for the rig using aerial searches of the Gulf of Mexico and subsea sonar searches within the estimated drift path of the rig. These search efforts proved unsuccessful, and Ensco concluded its search. Later evidence showed that within ten hours of Hurricane Ike's passage, the ENSCO 74 had traveled 100.9 miles west-northwest, capsized, and came to rest in 115 feet of water in the South Sabine Point Lightering Area, approximately 65 miles south of Galveston, Texas. The SATILLA allided with the wreck at this location approximately six months later, causing substantial damage to the SATILLA.

Ensco filed a limitation of liability proceeding in federal court pursuant to 46 U.S.C. §§ 30501–12. All claims were settled except for those asserted by the owners and operators of the SATILLA—SKS OBO & Tankers AS, and Kristen Gehard Jebsen Skipsrederi AS (collectively, "Claimants"). Claimants asserted that Ensco was liable under 33 U.S.C. § 409 for failure to mark the wrecked ENSCO 74. The case proceeded to a bench trial. After all parties put on the majority of their evidence and the Claimants rested their case, the district court granted Ensco's motion for judgment based on its finding that Ensco conducted a full, diligent, and good-faith search for ENSCO 74, but was unable to find it. Claimants timely appealed.

Having carefully considered the pertinent portions of the record in light of the parties' briefs and oral arguments, we hold that Claimants have not demonstrated that the district court reversibly erred in entering judgment in favor of Ensco.

Claimants' primary argument is that the district court applied an incorrect legal standard in making its factual finding that Ensco conducted a full, good-faith search. The district court followed our relevant precedent on the application of this standard, and ENSCO has failed to show reversible error

by the district court. *See Nunley v. M/V Dauntless Colocotronis* (*Nunley II*), 863 F.2d 1190, 1196–97 (5th Cir. 1989); *Nunley v. M/V Dauntless Colocotronis* (*Nunley I*), 727 F.2d 455, 459–60, 462–63 (5th Cir. 1984) (en banc); *Allied Chem. Corp. v. Hess Tankship Co.*, 661 F.2d 1044, 1061 (5th Cir. Unit A Nov. 1981). Claimants contend that the district court should have placed greater weight on the fact that Ensco did not search in the area where ENSCO 74 ultimately rested, because that is an area where the wrecked rig would constitute a hazard to navigation. While we now know that Ensco would have found the rig had it searched in the South Sabine Point Lightering Area, we cannot conclude that the district court committed reversible error in finding, based on the evidence presented at trial, that the search Ensco did conduct was full, diligent, and in good faith.

We also find no reversible error based on Claimants' other main argument, that the district court erred under § 409 by requiring them to prove as part of their case in chief that Ensco did not conduct a full, good-faith search. Even assuming Claimants are correct that a full, good-faith search is a defense to liability under § 409 to be proven by the owner of the wreck, the district court affirmatively found that Ensco conducted a full, good-faith search after Ensco put on the majority of its evidence, including expert testimony. Thus, in light of the district court's particular finding in this case, it is not determinative to the outcome of this appeal whether this element is properly part of the Claimants' case or Ensco's case.[1]

AFFIRMED.

---

[1] To the extent that Claimants contend the district court erred by entering judgment before the completion of the trial, they have not shown reversible error. Claimants do not allege that there is any evidence they would have presented but were unable to.